******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
JERMAIN V. RICHARDS
(SC 20490)

Robinson, C. J., and McDonald, D'Auria, Ecker and Alexander, Js.

*Syllabus*

Convicted of the crime of murder, the defendant appealed, and the Appellate Court upheld the defendant's conviction. On the granting of certification, the defendant appealed to this court, claiming that the evidence was insufficient to support his conviction insofar as the state failed to prove the manner, means, place, cause, and time of the victim's death, and that the inferences that the jury apparently drew from the evidence were unreasonable because the state failed to prove that the defendant had committed or intended to commit any criminal acts. *Held* that the Appellate Court's well reasoned opinion, in which that court determined that the evidence was sufficient to support the defendant's conviction, fully addressed the evidentiary sufficiency issue, and this court adopted that portion of the Appellate Court's opinion as a proper statement of the applicable law concerning that issue; moreover, this court emphasized two facts that were not expressly applied by the Appellate Court in its analysis but that were noted in the Appellate Court's opinion and further supported the jury's conclusion that the defendant intended to cause or did cause the victim's death, namely, that the victim had been seen at the defendant's residence within two hours of the victim's last cell phone communication and was in good health, and the defendant missed his first work shift the day after the victim disappeared but arrived for his second shift later that day.

Argued March 29—officially released July 16, 2021*

*Procedural History*

Substitute information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Fairfield and tried to the jury before *E. Richards, J.*; verdict and judgment of guilty, from which the defendant appealed; thereafter, the Appellate Court, *Keller, Prescott* and *Bishop, Js.*, affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Affirmed.*

*Norman A. Pattis*, for the appellant (defendant).

*Kathryn W. Bare*, senior assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, and *Ann F. Lawlor*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this certified appeal, we must consider whether there was sufficient evidence for the jury to find the defendant, Jermain V. Richards, guilty of murder in violation of General Statutes § 53a-54a (a),[1] despite the absence of evidence of the manner, means, place, cause, and time of the victim's death. The Appellate Court upheld the trial court's judgment of conviction. We now affirm the judgment of the Appellate Court.

The defendant was convicted after a third jury trial, the first two trials having ended in mistrials after hung juries. *State* v. *Richards*, 196 Conn. App. 387, 394, 229 A.3d 1157 (2020). The defendant appealed, and the Appellate Court affirmed his conviction. Id., 413. We granted certification to appeal, limited to the following issue: "Did the Appellate Court correctly conclude that the evidence adduced at the defendant's trial was sufficient to support his conviction of murder?" *State* v. *Richards*, 335 Conn. 931, 236 A.3d 218 (2020).

The opinion of the Appellate Court thoroughly and accurately reports the facts that the jury might reasonably have found to support the conviction of the defendant. The defendant contends that the jury lacked sufficient evidence to find him guilty of murder. Specifically, he argues that the state failed to prove the manner, means, place, cause, and time of death, and that the inferences the jury apparently drew from the evidence were unreasonable because the state failed to prove any criminal acts committed by the defendant or that he intended to commit such acts.[2]

Our examination of the record and briefs, and our consideration of the parties' arguments, persuades us that we should affirm the Appellate Court's judgment. Because the Appellate Court's well reasoned opinion fully addresses the certified issue, it would serve no purpose for us to repeat the discussion contained in that opinion. We therefore adopt part I of the Appellate Court's opinion as the proper statement of the issue and the applicable law concerning that issue. See, e.g., *State* v. *Buie*, 312 Conn. 574, 583, 94 A.3d 608 (2014); see also *State* v. *Richards*, supra, 196 Conn. App. 394–407.

Additionally, we emphasize two facts that the Appellate Court did not expressly apply in the analysis section of its opinion (part I), although they were noted in the opinion itself. First, not only was the victim last seen at the defendant's residence, but she was seen there within two hours of her last cell phone communication and was in good health. See *State* v. *Richards*, supra, 196 Conn. App. 393–94. While the evidence analyzed in part I of the Appellate Court's opinion fully satisfies the sufficiency of the evidence standard, this evidence further supports the jury's conclusion that the defendant intended to cause the victim's death and did in fact cause her death. Second, the defendant missed his

work shift, which was scheduled for 3 to 11 p.m. on Sunday, April 21, 2013, the day after the victim disappeared, but he arrived for his second shift that same day, which began at 11 p.m. Id., 393. This evidence further supports the jury's conclusion that the defendant caused the victim's death.

The judgment of the Appellate Court is affirmed.

* July 16, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

[2] To the extent the defendant argues that there was no evidence that the victim is, in fact, deceased, we note that the state's chief medical examiner testified that the cause of death was "homicidal violence of an undetermined type" and that the victim's limbs were removed, postmortem, by the use of a sharp instrument. See *State* v. *Richards*, supra, 196 Conn. App. 393.